IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE PLUMBERS          )
AND PIPEFITTERS NATIONAL          )
PENSION FUND, et al.,             )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )  Civil Action No. 1:08cv341
                                  )
Gregory Piping Systems, Inc.,     )
                                  )
        Defendant.                )

REPORT AND RECOMMENDATION

This matter came before the Court on the Motion of
plaintiffs Trustees of the Plumbers and Pipefitters National
Pension Fund and Trustees of the International Training Fund
("plaintiffs") for Default Judgment against defendant Gregory
Piping Systems, Inc. ("defendant").  (Dkt. No. 11.)

I. INTRODUCTION

**A. Background**

Plaintiffs[1] filed this action under Sections 502 and 515 of
the Employee Retirement Income Security Program, as amended, 29
U.S.C. §§ 1132 and 1145 ("ERISA"), and Section 301 of the Labor
Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), which
govern suits among parties to enforce provisions of their

---

[1] Plaintiffs are the trustees of the following fringe benefit
plans: the Plumbers and Pipefitters National Pension Fund
("National Pension Fund" or "NPF") and International Training Fund
("International Training Fund" or "ITF") (collectively, the
"Funds").

collective bargaining agreements.  Plaintiffs seek damages
pursuant to the Funds' Restated Agreements and Declarations of
Trust (the "Trust Agreements"), which have established the Funds
and which bind defendant, and pursuant to defendant's collective
bargaining agreement with United Association Local Union No. 192,
which incorporates defendant's obligations under the Trust
Agreements.[2]  (See Am'd Compl. ¶¶ 1-2, 5-8; Affidavit of William
T. Sweeney, Jr., Administrator of the Plumbers and Pipefitters
National Pension Fund ("Sweeney NPF Aff.") ¶¶ 2-3; Affidavit of
William T. Sweeney, Jr., on behalf of the International Training
Fund ("Sweeney ITF Aff.") ¶¶ 2-3.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as
this are conferred upon this Court by 29 U.S.C. §§ 1132, 1145 and
185, which provide that an action may be brought in any district
court of the United States in which the relevant benefit plan is
administered, where the alleged breach took place, or where a
defendant resides or may be found.  29 U.S.C. § 1132(e)(2),
185(c).  In this case, jurisdiction and venue are proper because
the Funds are administered in this District and the breaches of
the Agreements allegedly occurred within this District.  (See
Am'd Compl. ¶¶ 1-4.)

---

[2] The Trust Agreements and the collective bargaining
agreement are hereinafter collectively referred to as "the
Agreements."

### C. Service of Process

On September 3, 2008, a private process server personally delivered copies of the Summons, Amended Complaint, and supporting documents in this case to Levita Laws, authorized representative of Larry Gregory, Registered Agent and President of defendant, at 606 Elm, Pine Bluff, Wyoming.  (See Mot. for Default Judgment at 1-2; Return of Service (Dkt. No. 8).) Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  On October 20, 2008, plaintiffs requested the Clerk enter default against defendant. (Dkt. No. 9.)  The Clerk of this Court entered default pursuant to Federal Rule of Civil Procedure 55(a) on October 21, 2008. (Dkt. No. 10.)  On March 13, 2009, plaintiffs filed a Motion for Default Judgment and noticed the Motion for a hearing on March 27, 2009.  (Dkt. Nos. 11, 12.)  After defendant failed to appear at the March 27 hearing, the undersigned Magistrate Judge took the case under advisement.

## II. <u>FINDINGS</u>

Based on the Complaint; the Affidavits of William T. Sweeney, Jr.; the Declaration of John R. Harney, counsel for

3

plaintiffs ("Harney Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings.

The Agreements, which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Funds certain sums of money for each hour worked by covered employees, as well as liquidated damages and interest on any unpaid or delinquent contributions. (See Am'd Compl. ¶¶ 5-8, 12-14, 17, 19-26, 28; Mot. for Default Judgment at 2-3; Sweeney NPF Aff. ¶¶ 2-4, 6-9; Sweeney ITF Aff. ¶¶ 2-4, 7-9.) Defendant failed to make contributions to plaintiffs, in violation of the Agreements. (See Am'd Compl. ¶¶ 9-11, 19-22.) Therefore, plaintiffs seek to collect any unpaid contributions, as well as liquidated damages, interest, and attorneys' fees and costs. (See Am'd Compl. ¶¶ 13-18, 24-29; Sweeney NPF Aff. ¶¶ 6, 10-11 ; Sweeney ITF Aff. ¶ 9-11.)

### A.  Amounts Owed to the NPF

At the time this action was filed, defendant was delinquent in paying its required contributions to the NPF for the months of July 2007 through February 2008. (Sweeney NPF Aff. ¶ 5.) After the action was filed, the NPF applied an overpayment to the amount owed for February 2007. (Id.) Thus, the amount owed for February 2007 has been removed from delinquency. (Id.) Defendant also remitted payment for July 2007 through December 2007, partial payment for January 2008 and reports and partial

4

payment for February 2008.  (<u>Id</u>.)  Thus, defendant remains
delinquent for partial payment of contributions to the NPF for
the months of January 2008 and February 2008.  (<u>Id</u>.)  The
specific calculations for payments made by defendant are outlined
in the Appendix to the Sweeney NPF Affidavit.  Pursuant to the
terms of the Collective Bargaining Agreement, defendant is
obligated to pay the contributions it still owes to plaintiffs.
(Sweeney NPF Aff. ¶ 7.)  The amount of contributions defendant
still owes to the NPF is $60.80 for the months of January 2008
and February 2008.  (Sweeney NPF Aff. ¶ 11.)  Article VI, Section
5 of the Trust Agreement establishing the NPF, an employer who
fails to pay the amounts required by the Agreements on time is
obligated to pay liquidated damages and interest.  (Am'd Compl.
¶ 17; Sweeney NPF Aff. ¶ 10.)  Pursuant to the Trust Agreement,
defendant owes the NPF $2,326.10 in liquidated damages for the
months of July 2007 through February 2008 at the rate of 10% of
the total amount owed as well as $1,769.16 in interest assessed
at the rate of 12% per annum from the date due through the date
of payment or March 27, 2009 and continuing at the rate of

12% per annum through the date of payment.[3]  (Sweeney NPF Aff.
¶ 10, Appendix.)

## B.   Amounts Owed to the ITF

Defendant was delinquent in contributions to the ITF for the
months of July 2007 through February 2008.  (Sweeney ITF Aff.
¶ 5.)  After plaintiffs filed the instant action, defendant
remitted payment of the contributions owed.  (Id.)  Thus,
defendant's delinquency to the ITF has been removed.  However,
because the payments for July 2007 through February 2008 were
late, defendant is obligated to pay liquidated damages and
interest on the late payments to the ITF.[4]  (Id. at ¶¶ 8-9.)
Pursuant to Article VI, Section 6 of the Restated Trust Agreement
establishing the ITF, defendant owes the ITF $86.64 in liquidated
damages for late payments for the months July 2007 through
February 2008 and $29.43 in interest assessed at the rate of 12%

_____

[3] According to the Appendix attached to the Sweeney NPF
Affidavit, $45.30 in contributions remains due for the month of
January 2008 and $15.50 in contributions remains due for the month
of February 2008.  Thus, the interest continues to accrue for
these two outstanding payments.  With regard to the other months
for which contributions were initially delinquent, but which
defendant has satisfied, the interest is calculated through the
dates that payments of the delinquent contributions were made and
such interest does not continue to accrue past those payment
dates.

[4] Pursuant to Article VI, Section 6 of the Trust Agreement
establishing the ITF, liquidated damages are assessed at the rate
of twenty percent (20%) of the total amount due. (Sweeney ITF Aff.
¶ 13.)

per annum from the date the payments were due through July 17, 2008, the date the payments were made.  (<u>Id</u>. at ¶ 10.)

Thus, the total amounts due plaintiff NPF are: $60.80 in contributions for January 2008 and February 2008, $2,326.10 in liquidated damages for the months of July 2007 through February 2008, and $1,769.16 in interest accrued through March 27, 2009 and continuing to accrue at the rate of 12% per annum until the date the remaining unpaid contributions are paid.  (Mot. for Default Judgment 2-3; Sweeney NPF Aff. ¶ 11.)  The total amounts due plaintiff ITF are: $86.64 in liquidated damages for the months of July 2007 through February 2008, and $29.43 in interest accrued through March 27, 2009, and continuing to accrue at the rate of 12% per annum through the date of payment.  (Mot. for Default Judgment at 2; Sweeney ITF Aff. ¶ 11.)

In addition, plaintiffs seek $2,030.00 in attorneys' fees and $631.29 in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g).  (Mot. for Default Judgment at 2-3; Sweeney NPF Aff. ¶ 11; Sweeney ITF Aff. ¶ 11; Harney Decl. ¶ 7.)  Plaintiffs ask that any award of attorneys' fees and costs be paid to the NPF.  (Mot. for Default Judgment 2.)  The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed to enforce plaintiffs' rights.

7

III. <u>RECOMMENDATION</u>

The undersigned Magistrate Judge recommends that plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and Trustees of the International Training Fund should recover from defendant a total of $6,933.42.

Specifically, defendant shall pay $6,817.35 to the NPF, which includes $60.80 in contributions for January 2008 and February 2008, $2,326.10 for liquidated damages for the months of July 2007 through February 2008, $1,769.16 in interest at the rate of 12% per annum accrued from the date due through the date of payment or March 27, 2009 and continuing to accrue at the rate of 12% per annum until date of payment, $631.29 in costs and $2,030.00 in attorneys' fees.

Additionally, the ITF should recover $116.07 from defendant, which includes $86.64 in liquidated damages for the months of July 2007 through February 2008, and $29.43 in interest at the rate of 12% per annum accrued from the date due through the date of payment.

IV. <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, taken pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), must be filed within ten (10) days of its service.  Failure to object to this Report and Recommendation waives the right to appellate review of a judgment based on it.

8

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following addresses:

> Larry Gregory
> Registered Agent and President
> Gregory Piping Systems, Inc.
> 323 E. Third Street
> Cheyenne, WY 82007
>
> Gregory Piping Systems, Inc.
> 606 Elm
> Pine Bluff, WY 82082

_____/s/_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

May 6, 2009
Alexandria, Virginia